FERGUSON LUMBER CO. *v.* LITTLE ROCK WELL & PUMP CO.

Opinion delivered January 21, 1905.

CONTRACT—CONSTRUCTION.—A contract for the digging of a well stipulated that $2.50 per foot should be paid for the first 100 feet, and $2 per foot for every foot drilled thereafter, and one-third of the price agreed upon per foot should be paid on demand when 100 feet were drilled, and the balance to be due as soon as the well had been drilled.  *Held,* that the contract contemplated that when the first 100 feet of the well were completed, one-third of the price of digging that much was payable, and the balance was not due until the well was completed.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN. Judge.

Reversed.

STATEMENT BY THE COURT.

The Ferguson Lumber Company entered into the following contract with the Little Rock Well & Pump Company in reference to the digging of a well on the premises of the lumber company. The contract was first prepared, and a typewritten copy thereof was presented to the lumber company, which made certain erasures and interlineations.   The contract agreed on was as follows, the interlineations and erasures showing the changes made after the contract was presented to the company:

"This contract between the Ferguson Lumber Company and the Little Rock Well & Pump Company, both of Little Rock, Ark., witnesseth: That the Little Rock Well & Pump Company agrees to drill a well six inches in diameter to any depth the Ferguson Lumber Company may elect to have it drilled, on the premises of said lumber company in the western portion of the city of Little Rock, Ark., for which said Lumber Company agrees to pay said Well and Pump Company the sum of two dollars and fifty cents ($2.50) per foot for the first·one hundred feet and two dollars ($2) per foot for every foot drilled thereafter.

"Said Lumber Company agrees to pay said Well and Pump Company ~~two~~ one thirds of the price herein agreed upon per foot on demand ~~as the work progresses~~ when 100 ft. is drilled, the balance ~~of one third~~ to be due and payable as soon as said well has been drilled and a satisfactory test of same has been made."

It is unnecessary to set out the remainder of the contract.

After the well had been drilled to a depth of about 102 feet, the lumber company paid the well company $75, about $80 being due at the time. When 200 feet were drilled, the lumber company paid.$50 more; and when 300 feet were completed, the lumber company paid an additional $50. The well company drilled the well to the depth of 404 feet, when it abandoned the work because the lumber company refused to advance any further sums of money until the well was completed, and until a satisfactory test had been made. Afterwards the well company brought this action against the lumber company to recover the balance which it claimed to be due under the contract.

On the trial the presiding judge gave at the request of the plaintiff the following instruction to the jury over the objection of the defendant:

"Under the contract the defendant was required to pay one-third of the contract price when each 100 feet was drilled; and if defendant, on demand of plaintiff, refused to comply with this provision of the contract, it was such a violation of the contract as would justify the plaintiff in stopping work and bringing suit to recover the contract price in full; and if defendant did refuse to pay the amount due on the first one-third of the contract price in October, 1901, after demand made therefor by

plaintiff, and the plaintiff thereupon refused to go on with the well for that reason, it is entitled to recover the contract price in this suit, unless a settlement was made as claimed by the defendant."

There was a verdict and judgment in favor of plaintiff for the sum of $674.44 and interest, from which judgment defendant appealed.

*Fred Hotze* and *Ratcliffe & Fletcher,* for appellant.

When a contract is open to construction, the surrounding circumstances and declarations of the parties may be shown, that the intentions of the parties may be freely understood. 52 Ark. 65; 55 Ark. 20; 15 Wis. 153; 36 N. H. 569; 21 Mo. App. 372; 20 Ohio, 147; 63 Ga. 553; 74 Ga. 481; 86 Ga. 725; 19 Mackey, 4; 1 Beach, Mod. Law, Contr. § § 740, 741; 17 Fed. 426.

*H. F. Auten,* for appellee.

The contract not being ambiguous, parol evidence is not competent to vary or change its terms. 49 Ark. 285; 54 Ark. 525; 13 Ark. 393; 40 Ark. 117; 52 Ark. 65; 3 Ark. 90. The appellee's right to recover is clear. 64 Ark. 228.

RIDDICK, J., (after stating the facts.) This is an action to recover money which the plaintiff claims that the defendant is owing for work and labor performed under a contract, and the decision turns upon the meaning of this contract. The decision of the circuit court seems to have been governed, to some extent, by the fact that, during the progress of the work, the defendant paid more than one-third of the contract price of the first 100 feet. The circuit judge considered this act of the defendant as, to some extent, a recognition of the claim that one-third of the contract price should be paid in installments, as each 100 feet of the work was completed, and he held that to be the meaning of the contract. But in our opinion not very much importance can be attached to these payments, for they do not amount to one-third of the contract price for the work completed. Besides, the parties in their testimony differ as to reasons why these payments were made. One party testified that the payments were

demanded under the terms of the contract and paid because it was thought that the amounts were due under the contract.    The other testified that these sums over one-third of the price for the first 100 feet represented advances made by the defendant to plaintiff as a favor to the plaintiff to assist in the work, and that it was not done under the belief or in recognition of the fact that the plaintiff had a right to demand such payments.    So that it seems to us that this is not a case where the courts can attach much importance to the acts of the parties in carrying out the contract, and the decision must rest mainly on the language of the contract itself.    The language of the contract on this point is that the lumber company "agrees to pay said well and pump company one-third of the price herein agreed upon per foot on demand when 100 feet is drilled, the balance to be due and payable as soon as said well has been drilled and a satisfactory test has been made."    The question then is how much was to be paid when the first 100 feet were drilled, for the contract clearly states that the balance was to be paid when the work was completed?    To quote the contract again, the amount to be paid at that time was "one-third of the price herein agreed upon per foot."    Now, either the contract means that one-third of the whole contract price was to be paid at that time, or that only one-third of the price of the 100 feet completed should be paid.    As it seems unreasonable to believe that the parties intended that one-third of the whole price of work, which was to be paid for by the foot, and the amount of which could not be determined until completed, should be paid for at the time that only one-third of it was completed, and when it could not be told how much the whole would amount to, we are forced to the conclusion that only one-third of the work completed at that time was to be paid for, and it follows, from the plain language of the contract, that the balance was not due until the well was completed.

It follows from what we have said that in our opinion the circuit court erred in giving the instruction set out in the statement of facts.

The judgment is therefore reversed, and the cause remanded for a new trial.